Filed 6/10/21  P. v. Flores CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SALVADOR CASTELLANOS FLORES,<br><br>Defendant and Respondent. | F080730<br><br>(Super. Ct. No. F17905937)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Lisa A. Smittcamp, District Attorney, Galen Rutiaga, Chief Deputy District Attorney, and Stacey L. Phillips, Deputy District Attorney, for Plaintiff and Appellant.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

**SEE DISSENTING OPINION**

## INTRODUCTION

Defendant Salvador Castellanos Flores pled no contest to attempted residential robbery (Pen. Code,[1] §§ 211, 664; count 1), with the allegation that he personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)); attempted residential burglary with the allegation that a nonparticipant was present (§§ 459, 460, subd. (a), 664, 667.5, subd. (c)(21); count 2); and assault with a firearm (§ 245, subd. (a)(2); count 3). At sentencing, the court imposed the upper term of three years on count 1 and stayed sentence on the remaining counts pursuant to section 654. In place of sentencing on the firearm enhancement admitted under section 12022.53, subdivision (b), the court imposed a three-year term for an uncharged firearm enhancement under section 12022.5, subdivision (a), stating it had the discretion to do so pursuant to section 1385 and *People v. Morrison* (2019) 34 Cal.App.5th 217 (*Morrison*).

The People appeal. They rely on *People v. Tirado* (2019) 38 Cal.App.5th 637, review granted November 13, 2019, S257658 (*Tirado*), to argue the court had no authority to substitute one firearm enhancement for another in the circumstances presented here. We agree. Accordingly, we reverse.

## BACKGROUND

Defendant was charged with attempted residential robbery (§§ 211, 664; count 1), with the allegation that he personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)); attempted residential burglary with the allegation that a nonparticipant was present (§§ 459, 460, subd. (a), 664, 667.5, subd. (c)(21); count 2); and assault with a firearm (§ 245, subd. (a)(2); count 3). The charges arose out of an incident in which the victim, who was at home with two young children in the early morning, heard a loud noise and looked outside to see Alfonzo Martinez standing outside

---

[1]     Undesignated statutory references are to the Penal Code.

her security door, which was then unlocked.[2]  Martinez attempted to tell the victim that he knew her husband, but did not respond when the victim asked him her husband's name.  The victim quickly locked her security door and, as she did so, saw defendant leaning against the wall.  Defendant then moved away from the wall, stood next to Martinez, and pointed a firearm at the victim.  The victim screamed and closed the wooden front door, at which point a neighbor called 911.  Martinez was apprehended shortly thereafter, but defendant took flight and eventually was apprehended in a backyard.  Martinez and defendant were identified by the victim.  Officers recovered a revolver with five live rounds of ammunition from a recycling dumpster in the area where defendant first took flight.

On the date trial was set to begin, the court met with the parties in chambers and provided an indicated sentence to defendant and Martinez.  The court then memorialized the discussion on the record, stating that it had given defendant an indicated sentence of no more than six years in state prison, which would involve the court exercising its discretion pursuant to section 1385 and *Morrison*, *supra*, 34 Cal.App.5th 217, to impose a lesser firearm enhancement than that charged on count 1.  The court additionally stated that review had been granted the previous day in this court's opinion in *Tirado*, *supra*, 38 Cal.App.5th 637, review granted.  In the court's view, this left *Morrison* as the "controlling authority" on the court's ability to exercise its discretion to impose a lesser included firearm enhancement.

---

[2]     The factual background is taken from the probation officer's report, which summarized the police reports.  The parties stipulated that the police reports formed part of the factual basis for the plea.  Martinez was a codefendant below but is not a party to this appeal.

The People stated their understanding that defendant would "plead to the sheet," and noted that the People had not made an offer in the case.[3] The People further stated that they had not alleged a lesser firearm allegation pursuant to section 12022.5 and did not intend to amend the information to allege a lesser firearm enhancement.

Thereafter, defendant entered a plea of no contest to all the charges and admitted all the allegations. Defense counsel confirmed that, although defendant had entered a plea of no contest to a firearm allegation under section 12022.53, subdivision (b), the court intended to exercise its discretion at sentencing, pursuant to section 1385 and *Morrison*, *supra*, 34 Cal.App.5th 217, to impose sentence on a lesser firearm enhancement.

In a subsequent sentencing brief, the People again objected to the court's stated intent to strike the section 12022.53, subdivision (b) enhancement and impose instead a lesser enhancement under section 12022.5, subdivision (a).

At sentencing, the court opined that *Morrison*, *supra*, 34 Cal.App.5th 217, correctly interpreted Senate Bill No. 620 (2017-2018 Reg. Sess.) to allow a trial court to consider imposition of "lesser included enhancements for personal use of a firearm." The court noted that defendant had no adult criminal history and had been free from the juvenile justice system for several years before committing the instant offense, and on that basis should be afforded some relief, although not "an entirety of relief," from the firearm enhancement. The court then stated it would exercise its discretion under section 1385 and in the furtherance of justice to "supplant" a section 12022.5 firearm allegation in place of the admitted section 12022.53 allegation.

Accordingly, on count 1, the court sentenced defendant to a term of three years, plus an additional three years for the firearm enhancement pursuant to section 12022.5,

---

[3] A " 'plea[] to the sheet' " represents a plea made "in the hope that the court will show leniency," rather than "for a consideration which would support a contract." (*People v. Marsh* (1984) 36 Cal.3d 134, 140 (*Marsh*).)

subdivision (a).  Sentence on the remaining counts was imposed and stayed pursuant to section 654.

## DISCUSSION

Section 12022.53 sets out three separate sentencing enhancements for the personal use of a firearm in the commission of certain enumerated felony offenses:  subdivision (b) provides for a 10-year enhancement for the personal use of a firearm; subdivision (c) provides for a 20-year enhancement for the personal and intentional discharge of a firearm; and subdivision (d) provides for a 25-year-to-life enhancement for the personal and intentional discharge of a firearm causing great bodily injury or death.  (*Tirado*, *supra*, 38 Cal.App.5th at p. 642, review granted.)  Section 12022.5, subdivision (a) sets out an additional enhancement for the personal use of a firearm in the commission or attempted commission of any felony, and provides for a three-, four-, or 10-year sentencing enhancement, unless the use of a firearm is an element of the underlying offense.  (§ 12022.5, subd. (a).)

Prior to January 1, 2018, section 12022.53, subdivision (h) prohibited trial courts from striking section 12022.53 enhancements.[4]  (*Tirado*, *supra*, 38 Cal.App.5th at p. 642, review granted.)  However, Senate Bill No. 620 (2017-2018 Reg. Sess.) amended this subsection, effective January 1, 2018, to give trial courts discretion to " 'strike or dismiss' " firearm enhancements imposed pursuant to section 12022.53 " 'in the interest of justice pursuant to [s]ection 1385.' "  (*Tirado*, at p. 642.)  A court's decision to strike or dismiss an enhancement pursuant to section 1385 is reviewed for abuse of discretion. (*Tirado*, at p. 642; see *People v. Carmony* (2004) 33 Cal.4th 367, 378.)

Here, the trial court relied on *Morrison*, *supra*, 34 Cal.App.5th 217, to conclude that section 1385 afforded the court discretion, not only to strike a section 12022.53

---

[4]     Section 12022.5, subdivision (c) similarly prohibited trial courts from striking section 12022.5 enhancements.  (See § 12022.5, former subd. (c).)

enhancement, but to substitute an uncharged lesser firearm enhancement under section 12022.5, subdivision (a). *Morrison* considered whether a trial court may reduce a firearm enhancement under subdivision (d) of section 12022.53 to an enhancement under either subdivision (b) or subdivision (c). (*Morrison*, at p. 221.) *Morrison* recognized that caselaw allows a trial court to impose an uncharged " 'lesser included' " enhancement "when a greater enhancement found true by the trier of fact is either legally inapplicable or unsupported by sufficient evidence." (*Id.* at p. 222.) *Morrison* then extended this reasoning: "We see no reason a court could not also impose one of these enhancements after striking an enhancement under section 12022.53, subdivision (d), under section 1385." (*Id.* at pp. 222-223.)

This court expressly disagreed with *Morrison* in *Tirado*. (*Tirado*, *supra*, 38 Cal.App.5th at p. 644, review granted.) There, this court concluded that "[n]othing in the plain language of sections 1385 and 12022.53, subdivision (h) authorizes a trial court to substitute one enhancement for another." (*Id.* at p. 643.) We noted the language of sections 12022.53, subdivision (h) and 1385 "indicates the court's power pursuant to these sections is binary: The court can choose to dismiss a charge or enhancement in the interest of justice, or it can choose to take no action. There is nothing in either statute that conveys the power to change, modify, or substitute a charge or enhancement." (*Tirado*, at p. 643.) We acknowledged the court would have had the discretion to impose the lesser enhancements or strike them as well had all three section 12022.53 enhancements been charged and found true by the jury. (*Tirado*, at p. 644.) "However, because the People exercised their charging discretion to allege only one enhancement, the trial court was limited to either imposing or striking that enhancement." (*Ibid.*)

Defendant argues *Tirado* was wrongly decided because the court's authority to impose a lesser enhancement is not derived from section 12022.53 or section 1385, but rather from "judicially recognized authority that is well established in case law." As we recognized in *Tirado*, however, that authority is statutory. (*Tirado*, *supra*, 38

6.

Cal.App.5th at p. 643, review granted; cf. *People v. Navarro* (2007) 40 Cal.4th 668, 678-679 [appellate court's power to modify a verdict is "purely statutory"].)  For example, section 1181, subdivision 6 provides:

> "When the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed."

Thus, the court's authority in this regard is limited to the imposition of a lesser offense or enhancement where the greater offense or enhancement is legally inapplicable or factually unsupported.  (E.g., *People v. Strickland* (1974) 11 Cal.3d 946, 961 [cited with approval in *Morrison*, *supra*, 34 Cal.App.5th at p. 222]; *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395-1399 [same].)  In contrast, where the enhancement is legally and factually supported, the court is without authority to reduce the degree of the crime.

Defendant also contends that *Tirado* was wrongly decided because this court failed to consider our Supreme Court's decision in *Marsh*, *supra*, 36 Cal.3d 134.  *Marsh* involved factual allegations of ransom and bodily harm during kidnapping that were "similar in effect to prior conviction and weapons use findings in that they require an enhanced sentence."  (*Id*. at p. 143.)  The *Marsh* court noted that section 1385 allowed a "a broad range of sentencing options" between the "extremes" of striking both sentencing enhancements or leaving them intact.  (*Marsh*, at p. 144.)  However, this statement "simply recognized that the trial court had the discretion under section 1385 to strike both of the kidnapping sentencing enhancements at play in that case, to strike only one of them, or to strike neither.  [Citation.]  *Marsh*'s comment that a court could exercise its power to 'dismiss' individually charged and proven enhancements says nothing about whether the court also has the power to substitute lesser included enhancements for a

7.

valid greater enhancement." (*People v. Garcia* (2020) 46 Cal.App.5th 786, 793-794, review granted June 10, 2020, S261772.)

We recognize review has been granted in *Tirado*. However, we see no reason to depart from our analysis and conclusion therein. Here, the People exercised their charging discretion to allege only an enhancement under section 12022.53, subdivision (b). The trial court was limited to either imposing or striking that valid enhancement. (*Tirado*, *supra*, 38 Cal.App.5th at p. 643, review granted.) Accordingly, the trial court lacked authority to sentence defendant to a three-year term under section 12022.5, subdivision (a).

The People ask us to remand the matter to allow the trial court to either resentence defendant on the firearm enhancement under section 12022.53, subdivision (b), or to strike that enhancement entirely pursuant to sections 12022.53, subdivision (h) and 1385. We will do so, given that defendant has not argued he should be given the opportunity to withdraw his plea. We note, however, that the trial court retains discretion to permit a defendant to withdraw a plea entered in response to an indicated sentence upon a showing of good cause. (§ 1018; see *People v. Cruz* (1974) 12 Cal.3d 562, 566; see also *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 797.)

## **<u>DISPOSITION</u>**

The judgment is reversed and the sentence is vacated. The matter is remanded for further proceedings consistent with this opinion.

DETJEN, J.

I CONCUR:

HILL, P.J.

8.

FRANSON, J., Dissenting.


Based on the reasoning and holding of *People v Morrison* (2019) 34 Cal.App.5th 217, 222–223, and Penal Code section 1385, I respectfully dissent.  The trial judge had the sentencing discretion to strike the 10-year firearm enhancement under Penal Code section 12022.53, subdivision (b) and impose a lesser uncharged firearm enhancement of three years under Penal Code section 12022.5, subdivision (a).


                                                    FRANSON, J.